**In the Matter of ROBMAC, INC. d/b/a Chattahoochee Plantation Club, Debtor.**

**Bankruptcy No. B79–2977.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Nov. 18, 1979.

See also, Bkrtcy., 8 B.R. 5;  Bkrtcy., 8 B.R. 7, and Bkrtcy., 8 B.R. 10.

David Pollard, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for debtor.

Amy Z. Gershonfield, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Georgia Power Co.

## ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Georgia Power Company (herein "GPC"), is a public utility which supplies electric service to RobMac, Inc. d/b/a Chattahoochee Plantation Club (herein "debtor"), which, on October 12, 1979, filed a petition for relief under Chapter 11 of the Bankruptcy Code (11 U.S.C. § 1101 *et seq.*). Pursuant to 11 U.S.C. § 366(b), GPC, by letter dated November 2, 1979, requested that debtor provide GPC with a deposit in an amount equal to twice an average monthly bill to secure payment of the account to which service would be charged, after the date of filing, and during the pendency of the Chapter 11 case. To support its contention that the formula which it uses to determine the amount of the deposit requested (that is, twice an average monthly bill) is reasonable and appropriate, GPC argues that this formula has been approved by the Georgia Public Service Commission and carries the weight, therefore, of a legislative determination of reasonableness.

On November 15, 1979, debtor notified GPC that debtor objected to the amount of the security deposit sought by GPC and, by motion to this Court, requested a determination by this Court as to whether the demand of the utility is excessive and as to what constitutes adequate assurance of payment, and requested an expedited hearing by this Court, which was granted. Since the filing of the petition, debtor has been paying the bills issued by GPC promptly as those bills have become due.

## ISSUES PRESENTED

Two issues are presented. First, was the proper procedure used to bring this objection to the Court's attention? Secondly, is the amount of the security deposit requested pursuant to GPC's formula reasonable in conformity with the Bankruptcy Code?

Section 366(b) of the Bankruptcy Code provides:

§ 366. Utility Service

. . . . .

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date. On request of a party in interest and after notice and hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

According to the terms of § 366(b) no initiating action by the utility is required. The request by GPC, by its letter to the debtor, making demand for a deposit is not, however, improper and may well be the better method to create compliance with § 366(b).

The term "party of interest" includes the utility as well as the debtor or trustee; hence the utility or debtor or trustee may initiate the proceeding for hearing and ruling by the Court.

The statute apparently expects the debtor or trustee to initiate action toward the utility to provide the utility the adequate assurance of future payment for electric service; and it implicitly authorizes a utility to request adequate assurance of payment; and it expressly allows the utility to take action, including terminating service to a debtor, if no adequate assurance is provided by the debtor or trustee in the form of a deposit or other security within twenty (20) days of the order for relief. Although § 366(b) imposes upon the debtor or the trustee the burden of coming forward to the utility within twenty days with adequate assurance of payment even in the absence of a demand by the utility, and does not require prior demand or notice to the debtor from the utility, here GPC gave written notice to debtor of GPC's demand for a deposit in a specified amount. Such a written demand to the debtor is not forbidden and is surely permitted by the statute. However, the statute further allows the debtor or other party of interest to object to the amount demanded by the utility by moving the court for a hearing at which the court, after such notice as the Court may deem appropriate,[1] shall determine the method or means appropriate to furnish to the utility the "security necessary to provide adequate assurance of payment." The Court construes this provision to mean that the request for such a hearing under § 366(b) must be made (1) within twenty days of the order for relief or (2) prior to termination of service by the utility. Even after termination of service or after a prior order or agreement which has provided adequate assurance of payment, the debtor may request a hearing and the court may order reinstatement of service or reasonable modification of the amount of the deposit or other security in a modified order which shall provide adequate assurance. The utility must be given notice of the request for such hearing and an opportunity to be heard.

The term "request" does not suggest a proceeding or procedure different from those proceedings and procedures established by the Bankruptcy Rules. Nor is the term inconsistent with the Bankruptcy Code. A Section 366(b) proceeding, therefore, is a contested matter covered by Bankruptcy Rule 914 and Bankruptcy Rule 901(9) Motion, and the motion procedure of the local rules of this Court. The action is not an uncontested Bankruptcy Rule 901(4) application, nor an adversary proceeding described in Rule 701 and covered by Part VII of the Bankruptcy Rules, which requires a complaint.

Although the motion served upon the utility requesting a hearing was not made by the debtor in the present case within twenty days of the order for relief, the debtor did so soon thereafter and prior to any action by the utility, and the Court finds that such motion initiating this proceeding cannot be said to be untimely made or improper.

With respect to the second issue, namely the reasonableness of the amount requested pursuant to the formula suggested by the Georgia Power Company of double one month's average charges, this Court observes that, in general, that formula produces a deposit and security adequate to protect GPC against a loss, given the fact that GPC must supply its service a month prior to the time at which it renders its bill. But, the reasonableness of the security deposit is not determined by the promulgated by rules of the Georgia Public Service Commission, whether said procedure has the ef-

---

1. See 11 U.S.C. § 102(1)(A) and (B)—"notice and hearing."

fect of a legislative act or not. It is § 366 of the Bankruptcy Code which sets the procedure for determination of reasonableness of the deposit or other security; the Bankruptcy Court shall determine what protection is necessary to provide "adequate assurance of payment" of future utility charges during the pendency of the Title 11, U.S.C. case. The requirement of payment of said amount of required deposit shortly upon the filing of a Chapter 11 petition may be in some situations, as here, such a financial burden upon the debtor as to thwart or deter rehabilitation potential, and thereby be an unreasonable demand. The amount of the adequate assurance suggested to be provided under § 366 should not be contrary to the rehabilitation process. In such event, there may be as here, other methods of providing adequate assurance of payment to the utility company which may not adversely affect rehabilitation.

Any procedure which will regularly and cumulatively pay direct to the utility sums in excess of current service charges to build up the desired security of two months' average billings within a reasonable period of a few months will provide adequate assurance to the utility.

Any procedure which will regularly and cumulatively build a protected escrow or trust fund held by the debtor sufficient to assure payments to the utility in cash when bills become due and also build up the two month security will provide the adequate assurance.

Thus, the debtor may make its payments to the debtor's escrow or trust fund, or pay the amounts directly to the utility on a daily, weekly, bi-weekly, or monthly basis, provided the amount of such regular, periodic payments shall by reasonable calculations be adequate to protect the utility from loss when bills become due. Naturally, the payment plan determined to protect the competing interests of the debtor and the utility will vary with the specific circumstances of the particular case.

Here, the debtor is current in charges due the utility since date of filing this Chapter 11 petition. The plan suggested to (1) require payment of current billings timely as bills are due, and to (2) allow the security deposit equal to two (2) months' average billings to be accumulated by the payment of three (3) equal monthly installments over a period of three (3) months, is deemed to be reasonable as providing adequate protection and assurance to the utility and the evidence discloses is not unreasonably burdensome upon the debtor. Should the debtor fail to timely pay the current monthly billings when due, or fail to timely pay the monthly installments toward the agreed security deposit, the utility may file a motion for relief and, after notice, the court will hold a hearing. It is therefore,

CONSIDERED, ORDERED and DECREED that:

(a) Debtor shall continue to keep current bills paid promptly as they become due; monthly bills average $900.00;

(b) Debtor will establish a security deposit in the amount of $1,800.00 to GPC, as adequate assurance of payment of future charges for electric service, same being an amount equal to an average of two months' electric charges over a similar period. These payments are to be made in equal installments of $600.00 to be paid on December 7, 1979, January 7, 1980, and February 6, 1980; and

(c) If these payments are not remitted when due, any motion of GPC to enforce this order may be heard by this court within three days of filing and service of such motion upon the debtor.